**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2877-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN MADERA,

    Defendant-Appellant.

_____

Submitted November 12, 2025 – Decided November 25, 2025

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-04-1066.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This case returns to us following a remand for the trial court to consider defendant John Madera's pro se post-conviction relief (PCR) claims that his plea counsel was ineffective by: (1) failing to file pretrial motions; (2) failing to obtain discovery of the lab and ballistic reports; (3) providing a cursory reading of his presentence report that allegedly contained errors; and (4) supplying inaccurate information about the timing of the return of the indictment. See State v. Madera, No. A-0255-21 (App. Div. Feb. 10, 2023). We affirm substantially for the reasons explained in the PCR judge's sound written opinion.

Defendant entered a negotiated guilty plea to first-degree aggravated manslaughter, first-degree robbery, and second-degree unlawful possession of a handgun stemming from him fatally shooting a robbery victim during the armed robbery of two individuals. Id. at 2. Defendant was sentenced in accordance with the plea agreement to an aggregate term of twenty years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c). Madera, slip op. at 3. The remaining counts of the indictment, which included felony murder, first-degree robbery, second-degree conspiracy to commit robbery, and related weapons possession offenses, were dismissed on the State's motion pursuant to the plea agreement. Ibid.

Following the remand proceedings, the PCR judge entered an order on April 11, 2024, denying defendant's PCR petition without an evidentiary hearing. In an accompanying written decision, after recounting the facts and procedural history of the case and delineating the governing law, the PCR judge found all four claims failed to establish a prima facie case of ineffective assistance of counsel (IAC) because defendant's arguments were "wholly speculative, self-serving and entirely unsupported and contradicted by the extensive record." See State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) ("To establish an [IAC] claim, a defendant must demonstrate: (1) 'counsel's performance was deficient'; and (2) 'the deficient performance prejudiced the defense.'" (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984))); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey).

The judge further explained, "[o]ther than simply making bald assertions, this court is provided with little else to consider in support of the contentions" and "[a]n evidentiary hearing will not aid the court's analysis of whether [defendant] is entitled to [PCR] on the pro se issues raised." See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether

3

the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions"); see also R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory[,] or speculative").

The judge expounded:

> First, with regard to [defendant's] allegation that trial counsel was ineffective for failing to file any pretrial motions, his initial brief and certification filed in support of his PCR fails to provide any information about what motions should have been filed, the potential viability of those motions, or any explanation as to how those motions would have [a]ffected his decision to plead guilty in this case. He failed to address how trial counsel's strategic choices and performance fell below an objective standard of professional competence. He failed to provide any rationale whatsoever establishing that there is a reasonable probability that, but for the inadequacy of counsel, [defendant] might have been acquitted. . . . As such, the blanket assertion that trial counsel was ineffective because he did not file pre-trial motions is equivalent to a bald assumption without any support by way of certification, affidavit[,] or other competent evidence.

4

The judge continued:

> Second, [defendant] claims that trial counsel was ineffective because he rushed . . . defendant through a reading of his presentence report [(PSR)] which he alleges contained errors. [Defendant] cites to the exhibit attached to his submission which is simply the adult [PSR]. The attached [PSR] has no markings or notations on it directing the court[']s attention to any alleged errors. [Defendant's] pro se PCR application, pro se certification, and supplemental certification fail[] to provide any information about what errors were contained in the [PSR], or any explanation as to how those errors would have affected his decision to plead guilty, or the sentence imposed in this case. The trial judge sentenced defendant in accordance with the plea agreement . . . and dismissed the remaining counts of the indictment on the State's motion. [Defendant] received the exact benefit of the agreement he entered into with the State. In sum, [defendant] failed to address how trial counsel's review of the [PSR] and performance fell below an objective standard of professional competence. . . . As such, the blanket assertion that trial counsel was ineffective because he rushed . . . defendant through a reading of his [PSR] which he alleges contained errors is tantamount to a bald assumption without any support by way of certification, affidavit[,] or other competent evidence.

See Vanness, 474 N.J. Super. at 624 ("Under the second Strickland prong, the defendant must establish a reasonable probability that he or she would not have pled guilty but for counsel's errors" and "a [defendant] must convince the court that a decision to reject the plea bargain would have been rational under the

5

circumstances." (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014))).

Further, the judge explained:

> Third, [defendant] claims that trial counsel was ineffective because he failed to secure discovery of lab and ballistics reports. Again, [defendant's] pro se PCR application, pro se certification, and supplemental certification fail to provide any information or explanation as to how the alleged evidence would have affected his decision to plead guilty or could have led to an acquittal at trial. The issue presented is a red herring. As indicated by the State in its opposition and oral argument, "no firearm was ever recovered, but the victim was clearly shot according to the autopsy report, autopsy photos and witness statements." This declaration was undisputed. Further, it is unclear what "lab reports" [defendant] is referring to or seeking. He was neither charged with, nor pled to a drug offense. . . . [Defendant] failed to address how the failure of trial counsel to obtain non-existent discovery from the State equates to performance falling below an objective standard of professional competence. . . . As such, the blanket assertion that trial counsel was ineffective because he did not obtain lab or ballistics reports is tantamount to a bald assumption without any support by way of certification, affidavit[,] or other competent evidence.

Finally,

> [Defendant] claims that trial counsel was ineffective because he provided . . . defendant with inaccurate information indicating that if he was not indicted "in ten months" the indictment would be no-billed. The initial complaint in this matter was issued on August

6

26, 2016[,] and indicates that [defendant] was arrested on the same date. The indictment was returned on May 5, 2017. Eight months and ten days passed between . . . defendant's arrest and the return of the indictment. As such, assuming arguendo that [defendant's] allegation as to the statement from defense counsel was true, [defendant] was indicted within that time frame. There is no issue here given these facts. Notwithstanding, even if [defendant] was not indicted within the time frame asserted, again, [defendant's] pro se PCR application, pro se certification, and supplemental certification fail to provide any information or explanation as to how this would have affected his decision to plead guilty on December 7, 2017. . . . As such, the blanket assertion that trial counsel was ineffective because he provided [defendant] with inaccurate information indicating that if he was not indicted in ten months the indictment would be no-billed is also tantamount to a bald assumption without any support by way of certification, affidavit[,] or other competent evidence.

In this ensuing appeal, defendant reprises the arguments rejected by the PCR judge as follows:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED [IAC] PRETRIAL, THEREBY CAUSING HIM TO PLEAD GUILTY WHEN HE OTHERWISE WOULD HAVE PROCEEDED TO TRIAL, AND AT SENTENCING BY FAILING TO FIND AND ADDRESS MISTAKES IN THE PRESENTENCE REPORT.

"We review the legal conclusions of a PCR judge de novo," State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010), but "review under the abuse

7

of discretion standard the PCR court's determination to proceed without an evidentiary hearing," Brewster, 429 N.J. Super. at 401. "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

Based on our review, we agree with the PCR judge's comprehensive analysis and well-reasoned rejection of defendant's baseless arguments. In short, defendant did not establish that his plea counsel's performance was deficient or that he suffered any resulting prejudice to warrant PCR or an evidentiary hearing. See State v. Ellison, 448 N.J. Super. 113, 134 (App. Div. 2016) ("[T]he court [is not] obligated to conduct an evidentiary hearing to allow a defendant to establish a prima facie case not contained within the [PCR] application.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2877-23